UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff.<br><br>　　v.<br><br>BASE CAMP FESTIVAL, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-06787 FLA (AGRx)<br><br>**ORDER DENYING STIPULATION TO STAY PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. 47]** |

　　On April 3, 2025, the parties filed a Stipulation to Stay Proceedings Pending Ruling on Defendants' Motion to Dismiss (the "Stipulation"). Dkt. 47. The parties request for a stay of all discovery in this action pending the court's ruling on Defendants Columbia Sussex Corporation and Columbia Sussex Management, LLC's Motion to Dismiss (Dkt. 25). *Id* at 2.[1]

　　A district court has discretionary authority to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "Where it is proposed that a

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (citations omitted). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the parties have not met their burden to establish a stay is warranted. The parties state a stay "would promote judicial efficiency and conserve the parties' resources." Dkt. 47 at 2. The parties' conclusory remarks, without more, are insufficient to meet their burden for a stay. First, the parties have not demonstrated that the balance of harms tips in their favor by identifying any hardship or inequity they will suffer beyond run-of-the-mill litigation expenses. Second, the parties have not adequately demonstrated that a stay is reasonably likely to narrow the factual and legal issues in this case or identified specifically any issues that are reasonably likely to be resolved by granting the stay. Therefore, the court DENIES the Stipulation.

IT IS SO ORDERED.

Dated: April 7, 2025

                    FERNANDO L. AENLLE-ROCHA
                    United States District Judge