UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>  v.<br><br>BASS CAMP FESTIVAL INC., *et al.*,<br><br>      Defendants. | Case No. 2:24-cv-06787-FLA (AGRx)<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE PLAINTIFF'S TRUE NAME** |

1

## ORDER TO SHOW CAUSE

Although Federal Rule of Civil Procedure 10(a) requires a plaintiff to include the names of all parties in the complaint generally, a party may use a pseudonym in the "unusual case" when nondisclosure of the party's identity "is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Specifically, "a party may preserve his or her anonymity" when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In cases where "pseudonyms are used to shield the anonymous party from retaliation," courts determine the need for anonymity by evaluating the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (cleaned up). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (citation omitted). "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (citation omitted).

"In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id.* at 1069 (cleaned up). "It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit." *Id.*

Here, Plaintiff John Doe ("Plaintiff") brought this action anonymously. *See* Dkt 1. Plaintiff, however, did not file a motion or application for leave to proceed anonymously. The court has reviewed the Complaint and is presently unable to conclude Plaintiff has a need for anonymity that outweighs the prejudice to

Defendants Columbia Sussex Corporation and Colombia Sussex Management LLC (together, the "Colombia Defendants")[1] and the public's interest in knowing Plaintiff's identity.

Plaintiff has also failed to provide the court with his name. Even though a plaintiff may proceed under a pseudonym, his identity must be known by the court. *Doe v. U.S. Dep't of Homeland Sec.*, Case No. 2:23-cv-10563-JFW (BFMx), 2024 WL 466825, at *1 (C.D. Cal. Jan. 12, 2024). As a result, any plaintiff who files a complaint under a pseudonym must nevertheless file a declaration or affidavit disclosing his name. *Id.* Said filing may be filed under seal with leave of court. *See id.*

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing within twenty-one (21) days from the date of this Order, why the Complaint should not be dismissed without prejudice for failure to state Plaintiff's true name. Responses shall be limited to ten (10) pages in length. The court also ORDERS Plaintiff to file under seal—within twenty-one (21) days from the date of this Order—either an affidavit or declaration disclosing his name to the court. Plaintiff's failure to respond timely may result in dismissal without prejudice of the Complaint without further notice from the court.

IT IS SO ORDERED.

Dated: April 9, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] The court notes that Plaintiff filed a notice of dismissal in relation to Defendants Bass Camp Festival Inc., Bass Camp Music LLC, PR Entertainment Inc., PRE Presents L.L.C., PRE Presents LLC, Paul Reder, Nick Rogers, Matthew Stegemiller, Carolyn Weiner, and Phyllis Weiner. Dkt. 14. Thus, the only remaining defendants in this case are the Columbia Defendants.