UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, | Case No. 2:24-cv-06787-FLA (AGRx) |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE PLAINTIFF'S TRUE NAME [DKT. 54] AND GRANTING MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY [DKT. 59]** |
| v. | |
| BASS CAMP FESTIVAL INC., *et al.*, | |
| Defendants. | |

**RULING**

On April 9, 2025, the court issued an Order to Show Cause Why the Complaint Should Not Be Dismissed for Failure to State Plaintiff's True Name (the "OSC"). Dkt. 54. On April 29, 2025, Plaintiff John Doe ("Plaintiff") responded to the OSC by filing a Motion for Protective Order and Leave to Proceed Anonymously (the "Motion"). Dkt. 59 ("Mot."). Defendants Columbia Sussex Corporation and Columbia Sussex Management LLC (together, the "Columbia Defendants")[1] filed an Opposition to the Motion ("Opposition"). Dkt. 63 ("Opp'n"). On May 29, 2025, the court found the matter appropriate for resolution without oral argument and vacated the hearing set for May 30, 2025. Dkt. 64; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court hereby DISCHARGES the OSC and GRANTS the Motion.

**DISCUSSION**

**I.    Legal Standard**

Although Federal Rule of Civil Procedure 10(a) requires a plaintiff to include the names of all parties in the complaint generally, district courts may allow a party to use a pseudonym "in the 'unusual case' when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Specifically, "a party may preserve his or her anonymity … when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

In cases where "pseudonyms are used to shield the anonymous party from

---

[1] Plaintiff filed a Notice of Dismissal as to Defendants Bass Camp Festival Inc., Bass Camp Music LLC, PR Entertainment Inc., PRE Presents L.L.C., PRE Presents LLC, Paul Reder, Nick Rogers, Matthew Stegemiller, Carolyn Weiner, and Phyllis Weiner. Dkt. 14. Thus, the only remaining defendants in this case are the Columbia Defendants.

retaliation," courts determine the need for anonymity by evaluating the following factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (cleaned up). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (citation omitted). "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (citation omitted).

"In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings and to issue protective orders limiting disclosure of the party's name, to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id.* at 1069 (cleaned up). "It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit." *Id.*

## II.  Analysis

Here, Plaintiff brought this action anonymously, alleging he was a victim of human trafficking and sexual abuse. *See* Dkt 1. Plaintiff argues that the litigation involves matters that are highly sensitive and of a personal nature to him, including the emotional and psychological harm he suffered due to human trafficking and sexual battery. *See* Mot. at 5–6. Plaintiff also argues that disclosure of his identity would bring unwanted attention to himself and lead to possible public humiliation. *Id.* The Columbia Defendants respond Plaintiff fails to point to any credible evidence showing any threatened or real harm. Opp'n at 7.

Federal courts in California have found plaintiffs may proceed anonymously where allegations of sexual assault have been asserted and plaintiffs fear the stigma of having been victims of such a crime. *Doe v. Penzato*, Case No. 3:10–cv-05154-MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011); *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 593 (E.D. Cal. 2008). Given the seriousness of Plaintiff's allegations, the

court finds these reasons favor allowing Plaintiff to prosecute the action anonymously. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of … rape victims, and other particularly vulnerable parties or witnesses.").

The Columbia Defendants further argue Plaintiff's request to proceed by pseudonym is unfair to them as they have been named publicly in the action. Opp'n at 8. The Columbia Defendants, however, would face public disclosure regardless of whether Plaintiff's identity was made public, as the allegations against them would remain the same. Furthermore, despite being publicly named in this case, the Columbia Defendants have not offered any evidence that they have been in the public eye or otherwise been the recipients of any unwanted attention in this litigation. *See generally* Opp'n.

Finally, the court considers how the public's interest in the matter would best be served. Often, federal courts recognize "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Penzato*, at *5 ("the Court finds that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity."); *Doe v. United Airlines, Inc.*, No. 2:17-CV-2825-RFB-NJK, 2018 WL 3997258, at *2 (D. Nev. Aug. 21, 2018) (same). The same interest applies here.

The court, therefore, finds Plaintiff has demonstrated a sufficient need for anonymity that outweighs any prejudice to the Columbia Defendants and the public's interest in knowing Plaintiff's identity.

/ / /

/ / /

/ / /

## **CONCLUSION**

Accordingly, for good cause shown and for the reasons stated herein, the court GRANTS the Motion and ORDERS as follows:

1. The court DISCHARGES the OSC.
2. The court GRANTS the Motion and permits Plaintiff to prosecute the action anonymously.
3. Plaintiff's under seal declaration, disclosing his name to the court, shall remain SEALED until further order of the court. Dkt. 62.
4. The court GRANTS Plaintiff's request for a Protective Order, ORDERS the parties to disclose Plaintiff's identity only to each other for purposes of discovery, and ORDERS the Columbia Defendants not to disclose Plaintiff's identity to any third party or the public absent an order by the court.

The court may revisit its ruling at a later stage of the proceedings, such as at summary judgment or at trial.

IT IS SO ORDERED.

Dated: August 5, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge