**DEREK SMITH LAW GROUP, LLP**
Zac Rosenbaum (SBN 346633)
633 W. 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone:  (310) 602-6050
Facsimile:   (310) 602-6350
Email:         zac@dereksmithlaw.com

*Attorneys for Plaintiff JOHN DOE*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COLUMBIA SUSSEX MANAGEMENT, LLC; and Does 1-25, inclusive;<br><br>Defendants. | Case No.: 2:24-cv-06787-FLA (AGR)<br><br>Assigned to: Hon. Fernando L. Aenlle-Rocha<br><br>Action Filed: August 9, 2024<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO SERVE RULE 45 DEPOSITION SUBPOENA ON NON-PARTY PAUL REDER BY ALTERNATIVE MEANS** |

Pursuant to this Court's authority and Federal Rule of Civil Procedure 45, John Doe, ("Plaintiff") respectfully moves this Court for leave to serve former Defendant but current non-party Paul Reder ("Reder") via alternative means.

## I.   INTRODUCTION

This case is a civil action brought by John Doe against Paul Reder and multiple

1

affiliated entertainment, festival, and casino entities, alleging that Reder groomed, sexually assaulted, trafficked, and exploited Doe over several years beginning when Doe was a minor. Reder used promises of employment, housing, money, and access to the music and entertainment industry to coerce Doe into crossing state lines and engaging in non-consensual and commercial sexual acts, in violation of the federal Trafficking Victims Protection Act, California's Sexual Abuse and Cover Up Accountability Act, and state tort law. Corporate defendants and individuals knowingly benefited from, facilitated, or covered up the abuse by providing housing, employment, venues, and silence, despite awareness of Doe's age and Reder's conduct. On November 26, 2024, a settlement was reached with Defendant Reder and Reder is now a non-party witness whose testimony is relevant to claims against remaining defendants.

Plaintiff John Doe's case continues against various corporate Defendants and it is necessary for Plaintiff John Doe to depose non-party Paul Reder for the purposes of supporting claims against the Defendant entities. Paul Reder has been avoiding service from Plaintiff John Doe's vendors on multiple occasions.

## II. SERVICE ATTEMPTS

Plaintiff has attempted to serve the Rule 45 deposition subpoena on Reder in at least the following **four** ways:

(1) attempted personal service via a registered California professional process server (Ruben Zepeda Raya, Registration No.: P0053) at Reder's California home (1001

2

PLAINTIFF'S

MOTION FOR PERMISSION TO EFFECT SERVICE OF PROCESS ON PAUL REDER BY ALTERNATIVE MEANS

|   |   |
|---|---|
| 1 | Heavenly Village Way, South Lake Tahoe, CA 96150) on January 20, 2026, at 1:00 p.m.; |
| 2 | (2) attempted personal service via a registered professional process server (Ruben |
| 3 | Zepeda Raya, Registration No.: P0053) at Reder's California home (1001 Heavenly |
| 4 | Village Way, South Lake Tahoe, CA 96150) on January 22, 2026, at 3:09 p.m.; |
| 5 | (3) attempted personal service via a registered professional process server (Ruben |
| 6 | Zepeda Raya, Registration No.: P0053) at Reder's California home (1001 Heavenly |
| 7 | Village Way, South Lake Tahoe, CA 96150) on January 26, 2026, at 2:24 p.m.; |
| 8 | (4) attempted personal service via a registered professional process server at |
| 9 | Reder's Nevada Residence (14 Lakeside Cove Rd, Glenbrook, NV 89448) on January 27, |
| 10 | 2026, at 8:23 p.m.; |
| 11 | (Declaration of Zac Rosenbaum ("Rosenbaum Decl.") ¶ 4.) |
| 12 | |
| 13 | All Plaintiff's four attempts to personally serve Reder at his South Lake Tahoe and |
| 14 | Glenbrook homes failed, because either Reder was not present, or Reder has instructed |
| 15 | another resident not to open the door. Rosenbaum Decl. ¶ 5. |
| 16 | **III. LEGAL STANDARD** |
| 17 | Federal Rule of Civil Procedure 45(b)(1) provides that serving a subpoena |
| 18 | "requires delivering a copy to the named person." While some courts construe this |
| 19 | language to require personal, in-hand service, a growing body of authority, particularly |
| 20 | within the Ninth Circuit, permits court-authorized alternative service of a Rule 45 |
| 21 | subpoena where personal service has proven impracticable and the alternative method is |
| 22 | reasonably calculated to provide actual notice and an opportunity to object or move to |
| 23 | quash. |
| 24 | Courts have emphasized that the Federal Rules should not be construed to "provide |
| 25 | a shield for a witness who is purposefully attempting to evade service." (S*ee, e.g., Toni* |
| 26 | *Brattin & Co. v. Mosaic Int'l, LLC,* No. 15-MC-80090-MEJ, 2015 WL 1844056, at *3–4 |
| 27 | (N.D. Cal. Apr. 9, 2015); *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110, 2015 WL |
| 28 | |

5782351, at *5 (N.D. Cal. Oct. 5, 2015).)

Although Rule 45 governs subpoenas, courts frequently look to Rule 4(e)(1) and state-law alternative service provisions by analogy when evaluating substitute service. Rule 4(e)(1) permits service by methods allowed under state law, and California law authorizes court-ordered alternative service "in any manner reasonably calculated to give actual notice," including electronic means. Cal. Civ. Proc. Code § 413.30.

Due process requires only notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *(Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).)

On February 12, 2026, Pursuant to C.D. Cal. L.R. 7-3, attorneys for Plaintiff John Doe met and conferred (via e-mail) with Defendant COLUMBIA SUSSEX MANAGEMENT, LLC's Counsel, and Defendant COLUMBIA SUSSEX MANAGEMENT, LLC's Counsel informed Plaintiff that Defendant would not oppose this motion. Rosenbaum Decl. ¶ 9.

## IV. ARGUMENT

As detailed in the accompanying Declaration of Zac Rosenbaum, Plaintiff made four separate attempts to personally serve Paul Reder at his known residences in South Lake Tahoe, California and Glenbrook, Nevada. Each attempt was unsuccessful because Reder was either not present or refused to answer the door through other occupants of the residence. These repeated attempts demonstrate diligence and support the inference that Reder is actively avoiding service.

Plaintiff seeks leave to serve the Rule 45 deposition subpoena via email to paul@prentertainment.net and info@prentertainment.net, addresses historically used by Reder in connection with his business activities, and and by overnight mail to his last-known addresses as a backup. Courts routinely authorize email service of subpoenas where, as here, the email address is known to be associated with the witness and personal

4

PLAINTIFF'S

MOTION FOR PERMISSION TO EFFECT SERVICE OF PROCESS ON PAUL REDER BY ALTERNATIVE MEANS

service has proven impracticable. *(See Aevoe Corp. v. Pace,* No. C-11-3215 MEJ, 2011 WL 3904133, at *1–2 (N.D. Cal. Sept. 6, 2011); *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.,* No. C-13-80246 WHA, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014).)

Email service here will provide timely notice, preserve Reder's full rights under Rule 45(d) to object or move to quash, and avoid unnecessary delay and expense.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court authorize service of the Rule 45 deposition subpoena on non-party Paul Reder via email and, alternatively, and by overnight mail to his last-known residences, with service deemed complete upon transmission.

Dated:  February 12, 2026                    DEREK SMITH LAW GROUP, LLP

|   |   |
|---|---|
| By: | */s/ Zachary Rosenbaum, Esq.* |
|   | Zachary Rosenbaum, Esq. |

Attorneys for Plaintiff
JOHN DOE

6

PLAINTIFF'S

MOTION FOR PERMISSION TO EFFECT SERVICE OF PROCESS ON PAUL REDER BY ALTERNATIVE MEANS