**DEREK SMITH LAW GROUP, LLP**
Zac Rosenbaum (SBN 346633)
633 W. 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone:   (310) 602-6050
Facsimile:   (310) 602-6350
Email:    zac@dereksmithlaw.com

*Attorneys for Plaintiff JOHN DOE*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COLUMBIA SUSSEX MANAGEMENT, LLC; and Does 1-25, inclusive;<br><br>Defendants. | Case No.: 2:24-cv-06787-FLA (AGR)<br><br>Assigned to: Hon. Fernando L. Aenlle-Rocha<br><br>Action Filed: August 9, 2024<br><br>**EX PARTE APPLICATION FOR: (1) ORDER SHORTENING TIME ON MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; AND (2) TEMPORARY STAY OF DISCOVERY DEADLINES AND DEPOSITIONS PENDING RESOLUTION OF MOTION TO WITHDRAW** |

**TO THE COURT AND ALL PARTIES:**

Moving Counsel Zachary Rosenbaum, Esq. and Derek Smith Law Group, LLP ("Moving Counsel") respectfully submit this Ex Parte Application for: (1) an order shortening time on Moving Counsel's Motion for Leave to Withdraw as Counsel (the "Motion to Withdraw"), filed on February 26, 2026; and (2) a temporary stay of discovery deadlines and depositions pending resolution of the Motion to Withdraw.

This Application is made under Local Rules 7-19 and 7-19.1 and the Court's inherent authority to control its docket and manage discovery. It is supported by the Declaration of Zachary Rosenbaum filed concurrently herewith.

**I.      RELIEF REQUESTED**

Moving Counsel respectfully requests that the Court enter an order:

A. Shortening time on the Motion to Withdraw by setting an expedited briefing and hearing/submission schedule sufficient for the Court to resolve the Motion to Withdraw before March 4, 2026, when Plaintiff's written discovery responses are currently due. (Rosenbaum Decl. ¶¶ 2, 4.)

B. Temporarily staying all currently due discovery obligations and depositions pending resolution of the Motion to Withdraw, including, at minimum:

1. Staying the March 4, 2026 deadline for Plaintiff's written discovery responses;

and

2. Continuing/staying Plaintiff's deposition currently noticed for March 5, 2026 (and any other depositions currently being scheduled for early March), until at least fourteen (14) days after the Court rules on the Motion to Withdraw, or to a date certain set by the Court. (Rosenbaum Decl. ¶¶ 4–6.)

In the alternative, Moving Counsel requests the Court enter a protective order continuing Plaintiff's March 4, 2026 written discovery response deadline and March 5, 2026 deposition to dates at least fourteen (14) days after the Court rules on the Motion to Withdraw.

## II. GOOD CAUSE AND URGENCY

Good cause exists for ex parte relief because imminent deadlines will occur before the Motion to Withdraw can be heard on a normal schedule. Written discovery responses are currently due March 4, 2026. Plaintiff's deposition was formally noticed for March 5, 2026 in Los Angeles. Although defense counsel has indicated they are agreeable to not proceeding with the March 5 date, the noticed deposition and the March 4 written discovery deadline remain pending absent court order or stipulation. (Rosenbaum Decl. ¶ 9.) Further, the parties have been attempting to schedule depositions for early March.

Critically, Plaintiff has terminated Moving Counsel and has fully ceased

EX PARTE APPLICATION FOR: (1) ORDER SHORTENING TIME ON MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; AND (2) TEMPORARY STAY OF DISCOVERY DEADLINES AND DEPOSITIONS PENDING RESOLUTION OF MOTION TO WITHDRAW

communications, such that Moving Counsel cannot obtain client verification, instructions, or cooperation necessary to prepare discovery responses or defend and prepare Plaintiff for deposition. (Rosenbaum Decl. ¶ 3.) Continuing to act as counsel of record under these circumstances presents a substantial risk of prejudice to Plaintiff, Defendants, and Moving Counsel, including the risk of missed deadlines and disputes over attendance and compliance.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Ex Parte Relief Is Appropriate Under Local Rules 7-19 and 7-19.1

Local Rule 7-19 permits an ex parte application supported by a memorandum stating the reasons for seeking ex parte relief and points and authorities, and requires lodging a proposed order. Local Rule 7-19.1 requires reasonable, good-faith oral notice to other counsel of the date and substance of the application, and a sworn statement to the Court regarding notice efforts and whether the application is opposed. Moving Counsel satisfies these requirements through the accompanying Declaration and the proposed order lodged herewith.

### B. The Court Has Authority to Shorten Time and Manage Its Docket

District courts possess broad discretion to control their calendars and expedite hearings where necessary to prevent prejudice and ensure efficient case management. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936) (court's inherent power to control disposition of cases).

Here, shortening time is warranted because the pending discovery response deadline (March 4, 2026) and deposition notice (March 5, 2026) will occur before a normal motion schedule would permit resolution of the Motion to Withdraw. (Rosenbaum Decl. ¶¶ 4–5.) Without expedited resolution, the parties face avoidable disputes regarding representation status, depositions, and written discovery.

## C. A Temporary Stay/Protective Order Regarding Discovery Is Warranted

The Court also has authority to stay or temporarily adjust discovery obligations to prevent undue burden and avoid prejudice, including under Federal Rule of Civil Procedure 26(c) (protective orders for good cause) and the Court's inherent authority to manage discovery.

Good cause exists. Plaintiff has terminated counsel and ceased communication, preventing Moving Counsel from competently and ethically preparing discovery responses and deposition preparation/defense. A temporary stay is narrowly tailored to preserve the status quo for a short period, limited to pending resolution of the Motion to Withdraw, and will avoid unnecessary motion practice and potential sanctions disputes.

## IV. CONCLUSION

For the foregoing reasons, Moving Counsel respectfully requests that the Court grant the Ex Parte Application, shorten time on the Motion to Withdraw, and temporarily stay/continue discovery deadlines and depositions pending resolution of the Motion to Withdraw, as set forth in the proposed order.

Dated:   February 26, 2026

DEREK SMITH LAW GROUP, LLP

By:   */s/ Zachary Rosenbaum, Esq.*
Zachary Rosenbaum, Esq.

Attorneys for Plaintiff
JOHN DOE (for purposes of this Application only)

EX PARTE APPLICATION FOR: (1) ORDER SHORTENING TIME ON MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; AND (2) TEMPORARY STAY OF DISCOVERY DEADLINES AND DEPOSITIONS PENDING RESOLUTION OF MOTION TO WITHDRAW